ELECTRONICALLY
FILED
Jul 07 2022
U.S. DISTRICT COURT
Northern District of WV

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG DIVISION

| | |
|---|---|
| **Stephen M. Pastore and Allison I. Pastore, Individually and as Co-Guardians of their son AUSTIN B. PASTORE,** | Case No.:  **3:22-CV-117** |
| Plaintiff, | Judge  **Groh** |
| v. | **COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |
| **V&V CARRIERS, INC.** | |
| and | |
| **B&B CARRIERS, INC.** | |
| and | |
| **NATHAN MOORE, II,** | |
| Defendants. | |

Stephen M. Pastore and Allison I. Pastore, individually and as Co-Guardians of their son, Austin Pastore, file the following complaint.

### OVERVIEW

This is a clear liability collision in which Defendant Nathan Moore, II failed to keep an assured clear distance and rear-ended stopped traffic on Interstate 81 in Berkeley County, West Virginia, causing Plaintiff Austin Pastore to sustain multiple serious injuries. Austin Pastore is in a permanent comatose state.

## PARTIES

1.  Stephen Pastore, Allison Pastore, and their son Austin Pastore are all
    domiciled in and citizens of the Commonwealth of Pennsylvania, residing
    in Franklin County.

2.  Stephen and Allison Pastore were each appointed Guardians of their son's
    Estate and Person on February 14, 2022, by the Court of Common Pleas
    of the 39th Judicial District of Pennsylvania, Franklin County Branch,
    Orphans' Court Division.

3.  Defendant V&V Carriers, Inc. is registered with the Federal Motor
    Carrier Safety Administration with a USDOT number of 3138719 and is
    a business entity organized and existing under the laws of the State of
    Illinois. Defendant V&V Carriers, Inc. has designated Gary Huey, located
    at 1703 Woodvale Drive, Charleston, WV 25314 as its agent for the
    purposes of service of process of this complaint under 49 C.F.R. §366.

4.  Defendant B&B Carriers, Inc. is registered with registered with the
    Federal Motor Carrier Safety Administration with a USDOT number of
    2534146 and is a business entity organized and existing under the laws of
    the State of Illinois. Defendant B&B Carriers, Inc. has designated DM
    Business Service, located at 38 Annon Rd, Newburg, WV 26410 as its
    agent for the purposes of service of process of this complaint under 49
    C.F.R. §366.

5.  Defendant Nathan Moore, II resides at 7945 S. Oketa Avenue, Apt. 107,
    Bridgeview, IL 60455. He is domiciled in and citizen of the State of Illinois.

## JURISDICTION AND VENUE

6.  Plaintiffs' claims are brought under 28 U.S.C. § 1332(a)(1), based upon diversity of citizenship.

7.  Because Plaintiffs are citizens of Pennsylvania and no Defendant is also a citizen of Pennsylvania, and because the amount in controversy (exclusive of costs and interest) exceeds $75,000, diversity jurisdiction exists in this Honorable Court.

8.  Once served, the Defendants are subject to the personal jurisdiction of this Court pursuant to West Virginia's long arm statute [W. Va. Code §§ 56-3-33 and 31D-15-1501(d)(1))] because, *inter alia,* Defendant Nathan Moore, II caused tortious injury in West Virginia, Defendant V&V Carriers, Inc. committed a tort in West Virginia and regularly transports goods on West Virginia's highways.

9.  Venue is appropriate in this Court as this action arises from a motor vehicle accident occurring in Berkeley County, West Virginia, which is located in this judicial district.

## BACKGROUND FACTS

10. On October 28, 2021, Plaintiff Austin Pastore was a backseat passenger in a vehicle that was stopped in traffic heading southbound on Interstate 81 due to another collision, which had shut down the Interstate, in Berkeley County, West Virginia. Defendant Nathan Moore, II was also driving southbound on Interstate 81 and failed to keep an assured clear distance. Defendant Nathan Moore, II struck from the rear the vehicle in

which Plaintiff Austin Pastore was a passenger, causing it to spin and crash into another vehicle.

### FIRST CAUSE OF ACTION
*Negligence of Defendant Nathan Moore, II*

11. All facts and allegations above are incorporated by reference as if restated verbatim.

12. Defendant Nathan Moore, II had a duty to operate the semi-tractor trailer in a safe and reasonable manner, to maintain control of the tractor trailer, at all times, to obey all traffic laws, and to recognize and yield to slow or stopped traffic.

13. On October 28, 2021, Defendant Nathan Moore, II failed in the above-mentioned duties, including, but not limited to, violating WV ST § 17C-6-1(a) and is therefore negligent.

14. Defendant Nathan Moore, II's negligence was the direct and proximate cause of Austin Pastore's injuries.

15. Upon admission to Fairfax Hospital, Austin Pastore had a Glasgow Coma Score of 3, which is the lowest possible and indicated non-responsiveness. Austin Pastore's injuries from the collision include:

- traumatic subdural hemorrhage;

- traumatic brain compression with herniation;

- laceration of fascia of neck;

- hemorrhage of brain;

- acute respiratory failure;

- left femur fracture;

- collapsed lung;

- urethral injury;

- acute anemia;

- abrasions to arms and legs; and

- numerous other injuries.

16. As a direct and proximate result of the negligence of all defendants, Plaintiff Austin Pastore has lost past and future wages, and his earning capacity has been diminished.

17. As a direct and proximate result of Defendant Nathan Moore, II's negligence, Plaintiff Austin Pastore incurred medical bills for the treatment of his injuries directly resulting from this collision.

18. As a direct and proximate result of Defendant Nathan Moore, II's negligence, Plaintiff Austin Pastore experienced physical and mental pain and suffering and lost the ability to perform usual activities, resulting in a diminished quality of life.

19. As a direct and proximate result of Defendant Nathan Moore, II's negligence, Plaintiff Austin Pastore will incur medical bills in the future for the treatment of his injuries directly resulting from this collision.

20. Because Defendant Nathan Moore, II acted with conscious, reckless and outrageous indifference to the health, safety and welfare of others, Plaintiffs also seek to recover punitive damages pursuant to WV Code § 55-7-29.

## SECOND CAUSE OF ACTION
*Vicarious Liability of Defendant V&V Carriers, Inc.*

21. All allegations and causes of actions are incorporated into this cause of action by reference.

22. At all relevant times, Defendant Nathan Moore, II was the employee, agent, servant, or independent contractor for Defendant V&V Carriers, Inc. Accordingly, Defendant V&V Carriers, Inc. is vicariously liable for the acts of Defendant Nathan Moore, II described in the causes of action above.

23. Regardless of the employment or agency relationship, Defendant V&V Carriers, Inc. is an interstate motor carrier responsible for the acts of the defendant driver.

## THIRD CAUSE OF ACTION
*Vicarious Liability of Defendant B&B Carriers, Inc.*

24. All allegations and causes of action are incorporated into this cause of action by reference.

25. At all relevant times, Defendant Nathan Moore, II was the employee, agent, servant, or independent contractor for Defendant B&B Carriers, Inc. Accordingly, Defendant B&B Carriers, Inc. is vicariously liable for the acts of Defendant Nathan Moore, II described in the causes of action above.

26. Regardless of the employment or agency relationship, Defendant B&B Carriers, Inc. is an interstate motor carrier responsible for the acts of the defendant driver.

## FOURTH CAUSE OF ACTION
*Strict Liability of Defendant V&V Carriers, Inc.*

27. All allegations and causes of action are incorporated into this cause of action by reference.

28. Defendant V&V Carriers, Inc. is the registered owner of the USDOT number 3138719 displayed on the tractor-trailer involved in this collision and is therefore responsible for the acts of Defendant Nathan Moore, II.

## FIFTH CAUSE OF ACTION
*Negligence of Defendant V&V Carriers, Inc.*

29. All allegations and causes of action are incorporated into this cause of action by reference.

30. Defendant V&V Carriers, Inc. had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Nathan Moore, II, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

31. Defendant V&V Carriers, Inc. had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

32. Defendant V&V Carriers, Inc. failed in the above-mentioned duties and was therefore negligent.

33. Defendant V&V Carrier, Inc.'s negligence was the direct and proximate cause of Plaintiff Austin Pastore's injuries, and the damages described in this Complaint.

34. Because Defendant V&V Carriers, Inc. acted with conscious, reckless and outrageous indifference to the health, safety and welfare of others, Plaintiffs also seek to recover punitive damages pursuant to WV Code § 55-7-29.

## SIXTH CAUSE OF ACTION
*Negligence of Defendant B&B Carriers, Inc.*

35. All allegations and causes of action are incorporated into this cause of action by reference.

36. Defendant B&B Carriers, Inc. had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Nathan Moore, II, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

37. Defendant B&B Carriers, Inc. had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

38. Defendant B&B Carriers, Inc. failed in the above-mentioned duties and was therefore negligent.

39. Defendant B&B Carrier, Inc.'s negligence was the direct and proximate cause of Plaintiff Austin Pastore's injuries and the damages described in this Complaint.

40. Because Defendant B&B Carriers, Inc. acted with conscious, reckless and outrageous indifference to the health, safety and welfare of others,

Plaintiffs also seek to recover punitive damages pursuant to WV Code § 55-7-29.

**WHEREFORE**, Plaintiffs respectfully demand judgment against the Defendants for an amount that will fully, fairly, and reasonably compensate Austin Pastore as follows:

a. Compensatory damages for Austin Pastore's pain and suffering and economic losses suffered, including future wages;

b. Attorney's fees, costs, and expenses;

c. Pre-judgment and post-judgment interest at the maximum rate permitted by law;

d. Punitive or exemplary damages; and

e. Further and additional relief as may be available and warranted under the circumstance of this case.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

s/ Charles S. Trump, IV
Charles S. Trump, IV
WV Bar No. 3806
Trump & Trump, L.C.
171 S. Washington Street
Berkeley Springs, WV 25411
Phone: (304) 258-1414
Fax: (304) 258-4069
ctrump@trumpandtrump.com
*Attorney for Plaintiffs*